Benítez Sugar Company, Recurrente, v. El Registrador de
Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Pro-
piedad de Humacao denegando la inscripción de un con-
trato de refacción agrícola y molienda de cañas.

No. 330.—Resuelto en diciembre 11, 1917.

Refacción Agrícola y Molienda de Cañas—Anotación en el Registro—
Arrendamiento—Consentimiento de la Esposa.—No puede denegarse la
anotación en el registro de contratos agrícolas de uno de siembra, molienda
de cañas y refacción otorgado por ambos cónyuges a favor de una corpora-
ción, en el que la finca sujeta a siembras es poseída en arrendamiento ce-
lebrado por cinco años y prorrogable por tres más, bajo el fundamento de
que perteneciendo la finca a una sociedad de gananciales no intervino la
esposa del arrendador, ya que de acuerdo con los términos de dicho contrato
éste es uno de aquellos en que el marido como administrador de la sociedad
de gananciales puede otorgar sin estarle prohibido por los artículos 159 y
1327 del Código Civil, y además, porque el contrato de refacción es lo
único cuya anotación se solicita, y el espíritu de la ley de 10 de marzo,
1910, favorece la misma.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Francisco González.*
El registrador recurrido Sr. Francisco G. Descartes, com-
pareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El 12 de junio de 1917, Oliver Shaw y su esposa reali-
zaron un contrato de siembra, molienda de cañas y refacción,
con la corporación Benítez Sugar Company, cuyo contrato
fué extendido en escritura otorgada ante el notario Francisco
González Fagundo bajo el número 160 y en la propia fecha.

Dicho instrumento fué presentado en el Registro de la
Propiedad de Humacao para su inscripción en el registro
de contratos agrícolas, acompañado de una copia de la escri-
tura No. 158 otorgada ante el Notario Francisco González
Fagundo el 12 de junio de 1917, para probar que Oliver Shaw
estaba en posesión, como arrendatario, de la finca en la cual
él iba a hacer las siembras.

El registrador denegó la inscripción por medio de la si-
guiente nota:

"Denegada la anotación del contrato contenido en este documento, en unión de la escritura de arrendamiento número 158 otorgada en Vieques a doce de junio de 1917 ante el notario de la presente, por resultar de dicha escritura de arrendamiento que el mismo ha sido celebrado sin el consentimiento de la esposa del arrendador, Doña Demetria Mercado, tratándose de bienes gananciales según el registro, etc."

No vemos completamente claro que el contrato presentado al registrador en este caso sea uno de aquellos que el marido, como administrador de los bienes gananciales, no pueda otorgar por estarle prohibido por los artículos 159 y 1327 del Código Civil.

El plazo del contrato es de cinco zafras, terminando en 1922, pero concede al arrendatario el derecho de prorrogarlo por tres zafras más, previo aviso al arrendador, quedando bien entendido que habrá una zafra cada año.

Ahora bien, aun cuando el terrateniente tiene opción a prorrogar el contrato por tres años más, sin embargo el presente arrendamiento es sólo por cinco años, y el término del contrato de refacción no se extiende más allá del del arrendamiento. Quizás si el marido o sus herederos insistieran en hacer uso del derecho de prórroga pudiera resolverse que tal prórroga estaba fuera de las facultades del marido. En todo caso el contrato de refacción es lo único cuya inscripción se gestiona y el espíritu de la Ley de marzo 10, 1910, favorece la inscripción.

La nota debe ser revocada.

*Revocada la nota recurrida y ordenada la anotación solicitada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.